UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| BYRON P. MCCOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-325 |
| | ) | |
| COCA-COLA BOTTLING | ) | |
| COMPANY UNITED, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Byron P. McCoy filed a Complaint alleging employment discrimination. *See generally* doc. 1. He also moved to pursue this case *in forma pauperis*. Doc. 2. After reviewing plaintiff's application, he does not appear indigent and his motion for leave to proceed IFP should be **DENIED**. Doc. 2.

McCoy's application to proceed *in forma pauperis* is not entirely clear. *See generally* doc. 2. Where the form seeks information about his employment and income sources, he has left it substantially blank. *See id.* at 1. The Court infers that his non-response indicates that he is unemployed and does not receive income from any source, other than the disclosed $4,602.70 "military disability" payment. *See id.* at 1-2. He does

1

not disclose any cash or funds in any checking or savings account. *See id.* at 3. The Court, again, interprets his non-response as indicating that he has no such funds. He discloses approximately $4,100 in monthly expenses and support for dependents. *See id.* It, therefore, appears that McCoy has approximately $500 per month in discretionary income. That amount of discretionary income precludes authorizing him to proceed *in forma pauperis*.

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1)

(courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary). Given that it appears that McCoy has sufficient discretionary income and available funds to pay the Court's filing fee, he is not indigent. Accordingly, his application to proceed *in forma pauperis* should be **DENIED**.[1] Doc. 2. Should the assigned district judge agree with this recommendation, Plaintiff should be afforded 21

---

[1] If Plaintiff believes the Court has misconstrued his financial situation, his opportunity to object to this Report and Recommendation, discussed below, provides him an opportunity to clarify it. He is reminded that any submission regarding his finances must be truthful. To the extent that McCoy wishes to clarify his financial condition, he is **DIRECTED** to complete Form AO 239 (Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)). The Clerk is **DIRECTED** to send McCoy a blank copy of Form AO 239 with this Report and Recommendation for his convenience. To the extent that he wishes to amend any of his prior disclosures, he must also explain why he did not fully or accurately disclose the information on his first application.

days from the date of the district judge's order to pay the filing fee. *See* S.D. Ga. L. Civ. R. 4.2(2).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 15th day of November, 2023.

                                                  _/s/ Christopher L. Ray_
                                                  CHRISTOPHER L. RAY
                                                  UNITED STATES MAGISTRATE JUDGE
                                                  SOUTHERN DISTRICT OF GEORGIA