UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| BYRON P. MCCOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-325 |
| | ) | |
| COCA-COLA BOTTLING ` COMPANY UNITED, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court previously directed *pro se* Plaintiff Byron P. McCoy to show cause why his case should not be dismissed for his failure to timely serve Defendant. *See* doc. 10. Plaintiff responded. *See* doc. 11. He states that he failed to serve timely because he thought "once [he] completed the paperwork for the summons, the court would have sent it to the defendant." Doc. 11 at 1. He concedes "[t]hrough the confusion [he] missed the service deadline." *Id.*

Rule 4(m) requires the Court to dismiss a case for failure to timely serve unless the plaintiff shows "good cause" for the failure. Fed. R. Civ. P. 4(m). "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence,

1

prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quotation marks and alterations omitted). The Court cannot find that Plaintiff's confusion concerning his obligation to effect service is "good cause" to extend the deadline under Rule 4(m). *See, e.g., Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."); *see also, e.g., Grant-Hamm-Gray v. Internal Revenue Service*, 2018 WL 11446860, at *4 (N.D. Ga. Nov. 13, 2018) ("Plaintiff's lack of knowledge regarding the proper methods for service does not constitute good cause for her failure to timely serve Defendants," and collecting cases); *Daker v. Donald*, 2008 WL 1766958, at *4 (N.D. Ga. Apr. 14, 2008) ("[V]irtually every court to have addressed the issue has rejected the position that a plaintiff's *pro se* status and ignorance of the Federal Rules excuses noncompliance with Rule 4(m)[ ]").

Even in the absence of good cause, however, the Court must consider whether any other circumstances warrant an extension based on the facts of the case. *Lepone-Dempsey*, 476 F.3d at 1282. *Lepone-Dempsey*, relying upon the Advisory Committee's note to Rule 4(m),

identified a non-exhaustive list of circumstances that might warrant extension in the absence of good cause. *Id.* ("Although not an exhaustive list, the Committee explained that '[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'"). Since Plaintiff asserts employment discrimination, in violation of Title VII of the Civil Rights Act of 1964, he has attached a "right to sue" letter. *See* doc. 1 at 3, 7. The letter was issued on August 10, 2023, *id.* at 7, so the applicable statute of limitations would bar refiling this action. *See, e.g.,* 42 U.S.C. § 2000e-5(f)(1); *Hubbard v. Best In Town Inc.*, 2023 WL 8269979, at *2 (11th Cir. Nov. 30, 2023) ("For Title VII actions, a plaintiff must file suit within 90 days after receipt of a right-to-sue letter.").

The Court, therefore, concludes that, despite the lack of good cause, given Plaintiff's *pro se* status, and his otherwise diligent prosecution of this case, "other circumstances" merit a brief extension of the service deadline. *Cf. Lepone-Dempsey*, 476 F.3d at 1282 ("Although the running of the statute of limitations, which barred plaintiff from refiling their claims, does not require that the district court extend time for service of

process under Rule 4(m), it was incumbent upon the district court to at least consider this factor."). The Court will, therefore, extend the deadline to serve process upon the Defendant until fourteen days from the date of this Order. Plaintiff is **DIRECTED** to submit proof of service no later than twenty-one days from the date of this Order. Fed. R. Civ. P. 4(l). To the extent that Plaintiff seeks any further extension, he must explain both the steps that he has taken to effect service, any reason those steps were insufficient, and state explicitly how much additional time he requires to effect service.

    **SO ORDERED**, this 22nd day of April, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA