UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| BYRON P. MCCOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-325 |
| | ) | |
| COCA-COLA BOTTLING | ) | |
| COMPANY UNITED, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff filed this suit on November 8, 2023. Doc. 1. The Court denied his request to proceed *in forma pauperis*. Doc. 6. He paid the filing fee. Docket entry dated December 28, 2023. Plaintiff did nothing to pursue this case for over a month. The District Judge directed him to request a summons or inform the Court that he was seeking a waiver of personal service. Doc. 8. He complied with that Order and requested a summons. *See* doc. 9. After several months passed without any indication that Defendant had been served, the Court directed McCoy to show cause why his case should not be dismissed, pursuant to Federal Rule 4(m). Doc. 10. He responded to that Order, doc. 11, and the Court afforded him additional time to serve Defendant and file proof of service,

1

doc. 12. The deadline for him to submit proof of service has now passed and no proof has been filed. *See generally* docket.

As Plaintiff has already been informed, doc. 10 at 1-2; doc. 12 at 1-3, the Federal Rules make plaintiffs responsible for serving pleadings, *see* Fed. R. Civ. P. 4(c)(1), and impose a ninety-day time limit to effect service, *see* Fed. R. Civ. P. 4(m). If service is not perfected within the ninety-day period, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against [the unserved] defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If a plaintiff shows "good cause" for failing to perfect service within the time period, "the court must extend the time for service for an appropriate period." *Id.* "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quotation marks and alterations omitted). Even in the absence of good cause, however, the

Court must consider whether any other circumstances warrant an extension based on the facts of the case. *Id.* at 1282.

Although McCoy failed to show good cause to extend the Rule 4(m) deadline, the Court found that other circumstances warranted an extension, under *Leopone-Dempsey*. *See* doc. 12. McCoy has now failed to effect service within that extended period. Upon consideration of the facts of this case and given Plaintiff's failure to either effect service or seek further extension, the Court finds no other circumstances that warrant any additional extension. His Complaint should, therefore, be **DISMISSED**, pursuant to Rule 4(m).

Alternatively, McCoy's Complaint should be dismissed for his failure to comply with the Court's Order concerning proof of service and his failure to prosecute this case. *See, e.g.,* Fed. R. Civ. P. 41(b). This Court has the authority to prune cases from its docket where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones*

*v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992).  McCoy's failure to comply with the Court's Order and failure to prosecute this case provide sufficient reasons to dismiss his Complaint.

Accordingly, McCoy's Complaint, doc. 1, should be **DISMISSED**. *See, e.g.,* Fed. R. Civ. P. 4(m), 41(b).  This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 16th day of May, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA